IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LILA V. CLEVELAND, and <br> L. D. HOLT, et al., <br> <br> Plaintiffs, <br> <br> v. <br> <br> ARK-LA-TEX FINANCIAL SERVICES, <br> LLC, d/b/a Benchmark Mortgages., et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 07-0444-CG-M <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the court on the Notice of Removal (Doc. 1), plaintiffs' motion to remand (Doc. 6), defendant's motion for leave to file amended notice of removal (Doc. 8), defendant's response to the motion to remand (Doc. 9), and plaintiffs' reply (Doc. 10). The court finds that the removing party has not met its burden of showing, by a preponderance of the evidence, that the requisite minimum amount in controversy is met. The court further finds that federal question jurisdiction does not exist over TCPA cases. As such, neither diversity, nor federal question jurisdiction exists over this case and, therefore, plaintiffs' motion to remand is due to be **GRANTED**. The court, however, finds that the defendant acted reasonably based on the information available at the time of removal and, therefore, declines to award fees and costs.

**BACKGROUND**

This action was originally filed on May 10, 2007, in the Circuit Court of Mobile County, Alabama, asserting class action claims against defendant Ark-La-Tex for alleged violations of 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), and negligence per se

1

for negligently and wantonly transmitting unsolicited facsimile advertisements. The complaint alleges that the defendant purposefully and flagrantly violated the TCPA by sending unsolicited fax advertisements on or after August 27, 1999, to "thousands" of recipients. The complaint includes as a "question of law or fact common to the Class" the question "[w]hether the Plaintiffs and members of the Class are entitled to treble damages under U.S.C.A. § 227(b)(3)(A)." (Complaint ¶ 20(b)(iv)). The complaint also includes the following paragraph:

> 28.     Upon information and belief, the aggregate of the Class claims is less than Five Million ($5,000,000) Dollars inclusive of all damages for all claims set forth herein. Further, under no circumstances will an aggregate amount of all damages greater than Five Million ($5,000,000) Dollars be sought or accepted in this action.

(Complaint, p. 8). The complaint goes on to state, "WHEREFORE, the Plaintiffs seek" damages "in an amount of $500 for each and every violation," "compensatory damages," injunctive relief, attorney's fees and costs. (Complaint, p. 8-9). The complaint again states that "the total award to named Plaintiffs and the proposed Class shall under no circumstances exceed Five Million ($5,000,000) Dollars." (Complaint p. 9).

Defendant removed the action to this court on June 20, 2007, alleging that jurisdiction was proper based on (1) diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and (2) federal question jurisdiction. Plaintiffs move to remand asserting that this case does not meet the requisite minimum jurisdictional amount for diversity jurisdiction and that federal question jurisdiction is not proper. Plaintiffs also seek fees and expenses incurred in opposing the removal of this case.

## DISCUSSION

Federal courts are courts of limited jurisdiction. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim"

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).  The traditional rule is that "[o]n a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir.1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)).  The fact that this case was removed pursuant to CAFA does not upset the traditional rule placing the burden of proof on the removing party. Miedema v. Maytag Corp., 450 F.3d 1322, 1328 (11th Cir. 2006).  In addition, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."[1] Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999) (citation omitted).

**A. Diversity Jurisdiction**

Pursuant to 28 U.S.C. §1441(a), a defendant may remove an action from state court to a federal court that has original jurisdiction over the action.  The Class Action Fairness Act of 2005 ("CAFA") provides federal district courts original jurisdiction over class actions where the matter in controversy exceeds $5,000,000 and at least one class member and at least one defendant are citizens of different states, i.e. "minimal diversity." 28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual class members are aggregated to determine whether the matter in controversy exceeds the requisite amount. 28 U.S.C. § 1332(d)(6).  The parties do not dispute that minimal diversity exists.  Defendant has moved to supplement its allegations regarding the diversity of the parties (Doc. 8) and plaintiffs have not opposed that motion.

---

[1] This rule also remains unchanged by CAFA. Miedema, 450 F.3d at 1330.

Therefore, defendant's motion to amend the notice of removal (Doc. 8) is hereby **GRANTED**.

However, plaintiffs contend that defendant has not met its burden of demonstrating that the requisite matter in controversy exceeds $5,000,000.  The removing party must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961).  When a plaintiff has made an unspecified demand for damages, a removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).   This burden is less demanding than the "legal certainty" burden, established in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994), which applies when a plaintiff specifically claims less than the jurisdictional amount in the complaint.  In this case, the complaint specifies that "the total award to named Plaintiffs and the proposed Class shall under no circumstances exceed Five Million ($5,000,000) Dollars."  This allegation does not seek a specific amount in damages, but does claim less than the jurisdictional amount and is more specific than a general blanket request for damages.  The court finds it unnecessary to determine which standard is applicable here, because under either standard, the court finds that defendant has not met its burden of persuasion.  Thus, the court will use the more lenient, preponderance of the evidence standard in its analysis.

Defendant contends that the value of the relief sought is actually more than $5,000,000 because, if plaintiffs were successful on all claims, the total value of the award would be more than $5,000,000 and that the two named plaintiffs cannot limit the class members' relief.  However, as plaintiffs point out, Courts have previously allowed such representations and found

them to be strong evidence of the amount in controversy. See e.g. Berry v. American Express Publ, Corp., 381 F.Supp.2d 1118 (C.D. Cal. 2005); see also Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (noting that the Plaintiff could have "represented that the class would neither seek nor accept more than $5 million in aggregate"). In Berry, the plaintiff specifically stated that he and the class do not seek to recover more than $5,000,000. The Berry court stated the following:

> The Court has no reason to assume that plaintiff has misstated the value of the claim to defeat jurisdiction. Given plaintiff's representations to the Court, it would appear that defendants would be in a strong position to estop plaintiffs from asserting a harm and recovering damages in excess of $5,000,000. Plaintiff has met his burden to show that he and the class members will not recover more than $5,000,000 in damages.

Id. at 1124.[2] Defendant argues that the allegations of the complaint indicate plaintiffs seek a greater recovery. Plaintiffs claim statutory damages in an amount of $500 for each violation but also suggest that treble damages may apply by alleging that defendant's actions were purposeful and flagrant and by citing the treble damage provision, 47 U.S.C. § 227(b)(3)(A). Assuming plaintiffs seek and could potentially recover $1,500 per violation, the question, then, is how many violations are included in this class action. Defendant does not offer any evidence of the number of faxes it sent and in fact does not admit to sending any faxes that could be deemed violations. The complaint specifically includes the claims of two named plaintiffs who received a total of three faxes and the class is alleged to contain "thousands of persons." To reach $5,000,000 using the treble damage figure of $1,500, there would have to be at least 3,334

---

[2] The court notes that in Berry, the court erroneously placed the burden on the Plaintiff to disprove federal court jurisdiction because CAFA was intended to expand federal jurisdiction over class actions. However, the decision to place the burden of proof on the plaintiff was reversed in Abrego[ v. Dow Chem. Co.], 443 F.3d 676, 686 (9th Cir. 2006).

violations. If the attempt to cap damages is disregarded, then such an amount is clearly conceivable under the allegations of the complaint. However, it is also just as possible and consistent with the allegations of the complaint that there are fewer violations. For instance, if the class consisted of 2,000 persons alleging 2,500 total violations, the statutory damages would equal $3,750,000 if the plaintiffs prevailed and were awarded treble damages. There is no evidence before the court to indicate which result is more likely. The contention that there are more than 3,334 potential violations is pure speculation. The Eleventh Circuit clearly prohibits such speculation under the circumstances here. As the Eleventh Circuit explained:

> In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed --i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. See Lindsey v. Ala. Tel. Co., 576 F.2d 593, 595 (5th Cir.1978) (holding that, where a complaint did not specify the number of plaintiffs in a class action, it was not open to the defendants or the court to speculate that the class was small enough to establish the minimum amount in controversy). The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1215 (11th Cir. 2007) (footnotes omitted). Even where the jurisdictional amount "appears to be a relatively low hurdle" considering the number and type of claims, that will not justify a conclusion that the requisite amount in controversy is met. Id. at 1220. "To reach such a conclusion, we would necessarily need to engage in impermissible speculation - evaluating without the benefit of any evidence the value of individual claims." Id.

Defendant argues that the value of the injunctive relief must also be taken into consideration. Defendant asserts that to determine the amount in controversy, the value of the

benefit that would flow to the plaintiffs if the injunction were granted must be added to the monetary damages sought.  However, there is also little evidence of the value of the injunctive relief sought in this case.  The court notes that the injunctive relief sought in this case is similar to the relief sought in Berry  which concerned unsolicited magazine subscriptions.  The Berry court found that the injunctive relief was of nominal value to the class members. Berry, 381 F.Supp.2d at 1124.  The court explained that "the value of an injunction to the class members would be the value of not being bothered by unsolicited magazine subscriptions, an intangible, highly speculative benefit." Id.  The court agrees that the value of not being bothered by the unsolicited material, faxes in this case, is speculative and appears to be nominal.   Defendant points to a savings in ink, paper and wear and tear on plaintiff's fax machines resulting from no longer receiving the unsolicited faxes.  However, the court finds such costs would be relatively low and are speculative.  As stated above, the number of faxes is speculative and thus, the cost caused thereby is also speculative.  Moreover, even assuming the number of faxes is at the limit of the alleged damage range - 3,333 - the ink, paper and fax machine wear and tear associated with that many faxes would still be relatively small.  The injunctive relief clearly has some value.  However, given the lack of evidence on damages, the addition of an unknown small amount of value for injunctive relief does not sufficiently bolster defendant's argument for the court to find that the requisite amount in controversy is met.  It is impossible for the court to discern the potential amount of damages from the complaint, the notice of removal, or other documents before the court at this time.  [W]here there are unresolved doubts as to whether the removing defendant has shown that the amount in controversy has been satisfied, those doubts must be resolved in favor of remand.  See Kline v. Avis Rent A Car System, Inc., 66 F. Supp.2d

7

1237, 1239 (S.D. Ala. 1999). The court finds that the removing party has not met its burden of affirmatively demonstrating, by a preponderance of the evidence, that the jurisdictional minimum has been met.

### B. Federal Question Jurisdiction

The notice of removal contends that federal question jurisdiction is appropriate for TCPA cases. In support of its argument, defendant cites a Seventh Circuit case, Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005). However, defendant admits that the Eleventh Circuit previously rejected such a position in Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998). According to defendant, Nicholson is now ripe for re-evaluation and reconsideration. The court notes that other circuits that have considered this issue have agreed with Nicholson. See e.g. Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd., 156 F.3d 432 (2d Cir. 1998); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3d Cir. 1998); International Science and Technology Institute, Inc. v. Inacom Communications, Inc., 106 F.3d 1146 (4th cir. 1997); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997); Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000). The court, after reviewing the cases cited by the parties, is persuaded that federal question jurisdiction does not exist over TCPA cases. Moreover, this court is bound by the Eleventh Circuit precedent. Thus, the court finds that there is no federal question jurisdiction in this case.

### C. Fees and Expenses

Plaintiffs seek fees and expenses incurred in opposing removal of this case. Such an award is authorized by statute, 28 U.S.C. § 14479(c) which states than "an order remanding the case may require payment of just costs and any actual expenses, including attorneys fees,

incurred as a result of the removal." (emphasis added). However, "[a]n award of attorneys' fees is solely in the discretion of the court." <u>Graham Commercial Realty, Inc. v. Shamsi</u>, 75 F.Supp.2d 1371, 1373 (N.D. Ga.1998); <u>Nicholson v. National Accounts, Inc.</u>, 106 F.Supp.2d 1269, 1272 (S.D. Ala. 2000); <u>Gray v. N.Y. Life Ins. Co.</u>, 906 F.Supp. 628, 631 (N.D. Ala.1995); <u>see</u> <u>also</u> <u>Hobbs v. Blue Cross Blue Shield of Ala.</u>, 276 F.3d 1236, 1243 (11th Cir. 2001) (reviewing denial of costs and fees for abuse of discretion).

According to the Middle District of Alabama, "[a] court may award fees and costs whenever it remands an improvidently removed case." <u>Roughton v. Warner-Lambert Co.</u>, 2001 WL 910408, *2 (M.D. Ala. Aug 2, 2001) (citing <u>Gardner v. Allstate Indem. Co.</u>, 147 F.Supp.2d 1257 (M.D. Ala. 2001); <u>Gray v. New York Life Ins. Co.</u>, 906 F.Supp. 628, 637 (N.D. Ala.1995)). As noted in <u>Roughton</u>, the Middle District of Alabama has typically declined to award fees and costs "unless the removing party actions were unreasonable or federal jurisdiction was patently lacking at the time of removal." <u>Roghton</u>, 2001 WL 910407 at * 2 (string citations omitted). "The issue is whether an award would further overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." <u>Caldwell v. United Ins. Co. of Am.</u>, 2001 WL 910409 (M.D. Ala. Aug 2, 2001) (quoting <u>Gardner</u>, 147 F.Supp.2d 1257) (internal quotations omitted). The Middle District of Alabama has even held that fees should be shifted against the plaintiffs where plaintiffs never sought more than $75,000, but "the <u>ad</u> <u>damnum</u> clause could have been drafted more precisely in the first instance." <u>Brooks v. Pre-Paid Legal Servs., Inc.</u>, 153 F.Supp.2d 1299, 1302 (M.D. Ala. 2001).

The Northern District of Alabama has also held that, in order to warrant attorney's fees, the court should find that the removal was "improvident." <u>See</u> <u>Gray v. N.Y. Life Ins. Co.</u>, 906

F.Supp. 628, 632-33 (N.D. Ala.1995) ("This court believes that in exercising the discretion provided by § 1447(c), the presumption is in favor of awarding attorneys fees in the event the removal is found to have been improvident and/or the fatal defect in the removal is not of the waivable variety.").  The court in Gray specifically listed as an example of a case that "would not trigger § 1447(c) liability" "[a] diversity case in which the plaintiff, either deliberately or inadvertently, is ambiguous in his statement of the ad damnum of the state court." Id. at 635. The court found that such a case would not warrant the imposition of attorneys' fees because "this court could readily find the odds of a good removal sufficient to justify the attempt." Id. The court finds this case to be analogous to Gray's example.

While, some courts in this Circuit have held that a finding of bad faith is not necessary, see e.g., Coker v. DaimlerChrysler Corp., 220 F.Supp.2d 1367, 1372 (N.D. Ga. 2002) ("Indeed, the purpose of § 1447(c) is not to punish defendants for improper removal, but to compensate plaintiffs for expenses associated with obtaining a remand order."); Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union AFL--CIO & CLC, 900 F.Supp. 419, 422 (M.D. Fla.1995) ("Although Defendant may have acted in good faith in filing the Notice of Removal, the Court has already determined that removal was improper because federal subject matter jurisdiction is patently lacking. Therefore, as a matter of fairness, Plaintiff is entitled to recover from the Defendants the actual amount of the expenses incurred as a result of the improper removal..."); Graham Commercial Realty, Inc. v. Shamsi, 75 F.Supp.2d 1371, 1373 (N.D. Ga.1998) ("A finding of bad faith or improper purpose by the removing party is not necessary."),  this court has previously declined to award fees and costs where no bad faith is present. Nichols v. Southeast Health Plan of Alabama, Inc., 859 F.Supp. 553, 559 (S.D. Ala.

1993)("It appears that this removal petition was filed in good faith. Thus, the plaintiff's attorney fees should not be taxed to the defendants."); see also Nicholson v. National Accounts, Inc., 106 F.Supp.2d 1269, 1272 (S.D. Ala. 2000) ("Although the court has discretion to award fees and costs where a second removal is not taken in good faith, the court declines to do so here." citations omitted) .

In this case, the court finds that defendant's attempt at removal was not "so lacking in merit as to justify such an award." Sapp v. AT & T Corp., 215 F.Supp.2d 1273, 1279 (M.D. Ala. 2002).  Had the allegations of the complaint been drafted more precisely, there would be less doubt as to the amount in controversy.  Additionally, the Seventh Circuit opinion relied on by defendant in its attempt to assert federal question jurisdiction provides a reasonable basis for defendant's motion.  Although not binding on this court, it is the most recent circuit opinion cited by either party on the subject.  Defendant pointed out the fact that there is contrary Eleventh Circuit precedent and made it clear that its contention was that the Eleventh Circuit opinion should be reconsidered.  This court finds that the defendant acted reasonably based on the information available at the time of removal.  Therefore, the court declines to award fees and costs.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand (Doc. 6) is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE and ORDERED** this 24th day of August, 2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE